IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL BRISKIN-RODRIGUEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>TRAVELERS INSURANCE,<br><br>*Defendant*. | No. 22-cv-3121 |

## NOTICE OF REMOVAL

Defendant Travelers Personal Insurance Company ("Travelers"), which Plaintiff incorrectly named "Travelers Insurance,"[1] removes this action from the Circuit Court for Baltimore County, Maryland (the "State Court") to the United States District Court for the District of Maryland.

## REQUIREMENTS FOR REMOVAL

1. Plaintiff Samuel Briskin-Rodriguez filed this action in the State Court on October 25, 2022, where it was captioned *Samuel Briskin-Rodriguez v. Travelers Insurance*, Case No. C-03-CV-22-004340. Thus, this notice of removal is filed less than "one year after commencement of the action." 28 U.S.C. § 1446(c).

2. Plaintiff served Travelers with process on November 4, 2022 by filing the summons and complaint with the Maryland Insurance Administration. Travelers received the summons and complaint on November 16, 2022. Thus, this notice of removal is filed "within 30

---

[1] The complaint names "Travelers Insurance" as the defendant. But according to the copy of Plaintiff's insurance attached to the complaint, he was insured by Travelers Personal Insurance Company. *See* Exhibit A to the State Court Complaint at D-1. Travelers knows of no corporate entity named "Travelers Insurance." Travelers is prepared to defend this action as the real party in interest.

days after the receipt by the defendant" and "within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b)(1).

3. There are no other defendants who must join or consent to this notice of removal under 28 U.S.C. § 1446(b)(2)(A).

4. A copy of the State Court Complaint, Summons, and Civil Cover Sheet are attached as Exhibit A. *See* 28 U.S.C. § 1446(a); Local Rule 103.5. No other process, pleadings or orders have been served on Travelers.

5. "Promptly after the filing of [this] notice of removal," Travelers will file the notice attached as Exhibit B with the Clerk of the State Court, thereby notifying "all adverse parties" and the State Court of this removal. 28 U.S.C. § 1446(d).

## REQUIREMENTS FOR DIVERSITY JURISDICTION

6. Plaintiff is a citizen of Maryland. Compl., Ex. A., ¶ 1 (describing Plaintiff as "a natural person . . . and a resident of Baltimore County, Maryland"). Travelers (the only defendant) is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Travelers is therefore a citizen of Connecticut, not Maryland. Thus, diversity of citizenship exists between Plaintiff and Travelers.

7. The amount in controversy in this action is in excess of $75,000, exclusive of interest and cost. Plaintiff "seeks damages in excess of $75,000." Compl. ¶¶ 7, 40, 45, 54, 63. That request appears to be based on allegations that Plaintiff seeks reimbursement for roughly $109,278.91 plus $31,892.53. Compl. ¶¶ 17–18.

8. Removal of this lawsuit is thus authorized by 28 U.S.C. §1441(a), because this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1).

Respectfully submitted,

/s/ Joseph Dudek
Steven M. Klepper (26664)
Joseph Dudek (20261)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030 telephone
(410) 539-1269 facsimile
jdudek@kg-law.com

*Attorneys for Travelers*

## CERTIFICATE OF SERVICE

I certify that a copy of this notice, along with all exhibits, was served by email and prepaid first-class mail on December 2, 2022 upon:

Matthew S. Evans, III
    mevans@msevanslaw.com
Raymond E. Nicholas
    rnicholas@msevanslaw.com
Jonathon C. Scruggs
    jscruggs@msevanslaw.com
113 Cathedral Street
Annapolis, Maryland 21401

*Attorneys for Plaintiff*

/s/ Joseph Dudek
Joseph Dudek (20261)