IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL BRISKIN-RODRIGUEZ, | * |
| Plaintiff, | * |
| v. | * Civil Case No. 22-cv-03121-SAG |
| TRAVELERS INSURANCE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Samuel Briskin-Rodriguez is suing his homeowner's insurance carrier, Travelers Personal Insurance Company ("Travelers"), alleging that Travelers improperly denied a claim under his insurance policy. ECF 3. Travelers has filed a motion to dismiss three counts of the four-count complaint. ECF 6. The Court has reviewed the motion, Plaintiff's opposition, ECF 7, and Travelers's reply, ECF 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the motion will be granted.

I.   FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Complaint and assumed to be true for purposes of adjudicating Travelers's motion. On or about September 28, 2021, Plaintiff purchased a Homeowner's insurance policy from Travelers for his property at 1109 Scott's Hill Drive, Pikesville, Maryland. ECF 3 ¶ 10, Exh. A. Plaintiff did not intend to inhabit the home until home renovations were complete, and he informed Travelers of that fact during a recorded call during the course of his application for the policy. *Id.* ¶¶ 12-14.  While the property was vacant in October, 2021, a pipe burst, causing severe water damage. *Id.* ¶¶ 11, 15. Travelers advised Plaintiff to hire ServPro for repairs. *Id.* ¶ 16. ServPro's estimate of the cost to complete the repairs totaled

$109,278.91. *Id.* ¶ 17. ServPro then cleared out damaged property from the home, resulting in an invoice to Plaintiff of $31,892.53. *Id.* ¶ 18. Plaintiff, who had made timely payment of all of his insurance premiums, made a claim under the policy to cover the costs of the damages. *Id.* ¶ 19. On or about April 12, 2022, Travelers denied Plaintiff's claim outright, citing its finding that the pipe had frozen and ruptured when the house was not occupied and heat had not been maintained. *Id.* ¶¶ 20, 22. Travelers cited a portion of the policy excluding coverage when damage is caused by "leakage . . . caused by freezing," in a circumstance where the policyholder failed to exercise reasonable care to maintain heat in the property. *Id.* ¶¶ 23-25. Plaintiff counters that the furnace unexpectedly died during the brief period when the home was vacant for renovations, and that he had used reasonable care to ensure that the heat was working before commencing the renovations. *Id.* ¶¶ 27-29. Thus, he contests the finding that he did not use reasonable care and argues that the damage is within the scope of his policy. *Id.* ¶¶ 30-31.

Plaintiff's Complaint includes four counts: (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Intentional Misrepresentation; and (4) Negligent Misrepresentation. *Id.* ¶¶ 34-63. Travelers moves to dismiss all counts other than breach of contract.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440

(4th Cir. 2011) (quotations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.   ANALYSIS

Plaintiff's Complaint attempts to transform a standard insurance contract dispute into a more complex tort action. "A contractual obligation, by itself, does not create a tort duty. Instead, the duty giving rise to a tort action must have some independent basis." *Mesmer v. Md. Auto. Ins. Fund*, 725 A.2d 1053, 1058 (Md. 1999). There are no such independent bases here with respect to Plaintiff's negligent and intentional misrepresentation claims—the "promises" Travelers made to pay coverage were all made in the contract. The failure to make payment may arguably constitute a breach of that contract, but it is not the breach of some independent tort duty. *See Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001) (noting that in Maryland, "a breach of contract does not typically give rise to an action in tort"). In particular, Maryland law provides that "an insurer which mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants." *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1107 (Md. 1999). The principle is that cases between insurer and insured should be confined "to the realm of contract law, rather than letting such actions expand to tort proportions." *Hartz,* 269 F.3d at 476 (quoting

*Yuen v. Am. Republic Ins. Co.*, 786 F. Supp. 531, 533 (D. Md. 1992)). The facts of this case provide no reason to deviate from this standard policy, as there is no reason to suspect that Travelers had advance notice that the pipe would burst such that it tortiously lured Plaintiff into a contract it had no intention of paying. This case presents a routine dispute over the scope of insurance policy coverage and should be decided by contractual interpretation of the policy's language. Thus, Plaintiff's misrepresentation claims must be dismissed.

As to Plaintiff's claim for breach of fiduciary duty, such duty can arise under a liability insurance policy where "the insurer[ has] control over the settlement and defense of any claim and suit." *Mesmer*, 725 A.2d at 1062. In other words, where the insurance company undertakes the duty to make unilateral litigation decisions in third-party litigation on the insured's behalf, it owes a fiduciary duty. But as the then-Court of Special Appeals determined in *McCauley v. Suls*, 716 A.2d 1129, 1134 (Md. Ct. Spec. App. 1998), "an insurance company owes no fiduciary duty in a first-party claim because the insured controls the litigation and a fiduciary duty need not be imposed." In such cases, "there is no fiduciary duty owed because the fiduciary duty is not undertaken." *Id.* (quoting Andrew Janquitto, *Insurer's Duty to Defend in Maryland*, 18 U. Balt. L. Rev. 1, 52 n.298 (1988)). There is no fiduciary duty in the situation presented here, then, where there is simply a first-party claim under an insurance policy. Plaintiff cites no cases suggesting the existence of a fiduciary duty created by an insurance contract, and well-established law suggests that none exists. *See Moore v. Pilot Life Ins. Co.,* 86 F.2d 197, 199 (4th Cir. 1936) (citing COUCH'S ENC. OF INS. LAW, vol. 1, 489); *see also* 14 COUCH ON INS. § 198:7 (3d ed., 2022) ("[A] fiduciary relationship is not established by the mere fact of an insurance relationship between the parties."). Plaintiff has therefore not pleaded the existence of a fiduciary duty and the dismissal of his fiduciary duty claim is warranted.

## IV.     CONCLUSION

For the reasons set forth above, Travelers's motion to dismiss Counts II-IV, ECF 6, will be GRANTED, and this case will proceed as to Count I only. A separate order follows.

Dated: January 30, 2023                                         /s/
                                                                            Stephanie A. Gallagher
                                                                            United States District Judge